Vincent Tadoh TEBIT, Petitioner,

v.

Eric H. HOLDER, Jr.,[1] Respondent.

No. 07–2836.

United States Court of Appeals,
Eighth Circuit.

Submitted: April 7, 2009.

Filed: April 10, 2009.

Paschal Obinna Nwokocha, St. Paul, MN, for Petitioner.

Richard M. Evans, Sada Manickam, Karen Drummond, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, Scott Baniecke, U.S. Immigration & Naturalization Service, Bloomington, MN, for Respondent.

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

PER CURIAM.

Vincent Tebit, a citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (BIA), affirming an immigration judge's (IJ's) de-

---

1. Eric H. Holder, Jr. has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

nial of asylum, withholding of removal, and voluntary departure.[2] We deny the petition. *See Khrystotodorov v. Mukasey,* 551 F.3d 775, 781 (8th Cir.2008) (standard of review).

When an asylum decision is based on an adverse credibility finding, as it was in this case, we generally defer to the agency if the credibility finding is supported by specific, cogent reasons for disbelief. *See Sow v. Mukasey,* 546 F.3d 953, 956 (8th Cir.2008). Upon careful review, we conclude that the BIA and the IJ provided such reasons. *See Redd v. Mukasey,* 535 F.3d 838, 842–43 (8th Cir.2008); *Che v. Mukasey,* 532 F.3d 778, 782 (8th Cir.2008); *Onsongo v. Gonzales,* 457 F.3d 849, 854 (8th Cir.2006). The adverse credibility finding is dispositive of Tebit's withholding-of-removal claim, *see Sheikh v. Gonzales,* 427 F.3d 1077, 1081 (8th Cir.2005), and we lack jurisdiction to review the denial of voluntary departure, *see* 8 U.S.C. §§ 1229c(f) and 1252(a)(2)(B)(i).

Accordingly, we deny the petition.

---

**2.** The IJ also denied relief under the Convention Against Torture, but we lack jurisdiction to consider the denial of this relief because it

was not first raised before the BIA. *See Eta-Ndu v. Gonzales,* 411 F.3d 977, 986 n. 4 (8th Cir.2005).